AMERICAN COLONIAL BANK OF PORTO RICO, Plaintiff and Appellee, *v.* HEIRS OF JOSÉ RAMÍREZ MUÑOZ, ETC., ET AL., Defendants and Appellants.

No. 5009.   Argued February 20, 1930.—Decided June 19, 1931.

*Rafael Arce* for appellant Heirs of Ramírez. *González Fagundo & González Jr.* for the other appellant. *Luis Mendín Sabat* for appellee.

MR. JUSTICE ALDREY delivered the opinion of the Court.

The American Colonial Bank of Porto Rico brought an action of debt against the heirs of José Ramírez Muñoz and alleged five causes of action corresponding to five promissory notes amounting to $11,000, in which instruments the debtor promised to pay costs, expenses, and attorney's fees in case of judicial claim. After the defendants had been summoned, some by publication and others personally, and their property had been attached and the attachment recorded in the registry of property, their default was entered. The case having been set for trial and the plaintiff having introduced its evidence, the court gave judgment against the defendants for the sum claimed, together with costs, expenses, and attorney's fees. Upon that judgment becoming final, the plaintiff filed its memorandum of costs amounting to $1,824.25, which the defendants opposed, and the court made an order reducing that amount to $712.25. This appeal has been taken from that order by some of the defendants.

At the hearing on the memorandum of costs, the appellants offered evidence as to an agreement of the parties in regard to a postponement of the collection of the sums claimed in the complaint, for the purpose of establishing that there had been no obstinacy on their part, so that the court should take this fact into consideration in assessing the attorney's fees and the expenses. The refusal of the court to admit such evidence is the first ground of this appeal.

Appellants' ancestor promised in the instruments signed by him to pay the costs, expenses, and attorney's fees in case of judicial claim, and hence the absence of obstinacy on the part of the defendants has nothing to do with the taxation of the costs. Consequently, the error alleged is without merit.

The second ground of appeal is that the plaintiff, in order to prove the item of $150, charged by a surety company for furnishing the bond required by the court to enable plaintiff to attach properties of the defendants, had introduced a receipt for that sum subscribed as follows: "H. L. Cochran, general agent—Per Matilde Hernández, agent."

At the hearing a witness testified that the sum in question was paid for said purpose, and that he was present when Matilde Hernández signed the receipt.

It appears from said receipt that Matilde Hernández signed the same as the agent of H. L. Cochran, general agent; and as the latter did not affix his own signature it was not necessary to identify the same. It was unnecessary to show the existence of the surety company, or that Mr. Cochran was its general agent, or that Matilde Hernández was his agent, since the presentation of such receipt had for its only purpose to prove the fact of the payment.

In the last error assigned it is alleged that unnecessary items were allowed, to wit: $150 as premium on the bond furnished to levy the attachment, $17.50 as fees for recording the attachment, and $9 for service of the memorandum

of costs. The granting of $500 as attorney's fees is challenged; and the court is charged with an abuse of discretion in allowing all these items.

No objection is made to the amounts of said items, save that of attorney's fees. The contention is that they are improper. However, those expenses were incurred in consequence of the suit, and the plaintiff was entitled, under the law, to secure the effectiveness of any judgment that might be rendered in its favor. As the furnishing of a bond was necessary in this case, the defendants are bound to reimburse the expenses incurred by reason of the bond and the recording of the attachment in the registry of property. Had not they by their conduct given rise to the suit, such expenses would not have been incurred. They are also bound to pay the charges for service on them of the memorandum of costs, as without such service the memorandum could not have been passed upon. The appellants claim that this service could have been made for $2, but they have failed to prove such claim.

In regard to the item of $1,600 for attorney's fees contained in the memorandum and reduced by the court to $500, we fail to find any manifest abuse of judicial discretion in allowing the latter sum, in view of the amount claimed, the proceedings had in the suit, and the testimony given by two attorneys which has not been contradicted.

The order appealed from must be affirmed.